NEW YORK BELTING & PACKING CO. v. GUTTA PERCHA & RUB-BER MANUF'G CO.

(Circuit Court, S. D. New York. February 24, 1892.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT—PRELIMINARY INJUNCTION.
   When it appears that defendants have kept and offered for sale an infringing article, it is not unfair to issue a preliminary injunction, though they profess to have no present intention of continuing such sales.

2. SAME.
   Such injunction will not be refused on a suggestion that an improper use may be made thereof by advertising to embarrass defendants in the sale of noninfringing articles, since it must be presumed that the injunction was sought in good faith, and, should the contrary appear, the court could reconsider its action.

In Equity. Suit by the New York Belting & Packing Company against the Gutta Percha & Rubber Manufacturing Company for infringement of design patent No. 11,208, issued May 27, 1879, to George Woffenden. The patent was sustained by Judge Coxe in New York Belting & Packing Co. v. New Jersey Car Spring & Rubber Co., 48 Fed. Rep. 556. Preliminary injunction granted.

B. F. Lee and Wm. H. L. Lee, for complainant.
Livingston Gifford, for defendant.

LACOMBE, Circuit Judge. While I do not think the complainant has shown the manufacture by the defendants of infringing mats of the kind described in the decision of Judge Coxe, it is impossible not to escape the conviction that they have kept such mats in stock, and offered them for sale. The catalogue which they circulated down to some time subsequent to June 1, 1891, offering mats of sizes not made by the complainant, seems conclusive on this point. It may be that the defendant has no present intention of continuing such sales, but, in view of the fact that there is a final decision sustaining the patent, it does not seem an unfair exercise of the court's discretion to secure the continuance of that intention by the granting of a preliminary injunction, at least until further order. The defendant cannot com-

plain, in view of the fact that it has infringed, or threatened infringement, although when it did so it expected that complainant's patent would turn out to be void. If defendant does not intend to sell such infringing mats, its business is in no way interfered with by an order prohibiting it from doing so. Nor does the suggestion that some improper use may be made of the order, by advertising it so as to interfere with or embarrass the defendant in the sale of other mats,—not now before the court,—warrant a refusal of the relief asked for. It is to be assumed that complainant has applied in good faith, and intends to avail of the preliminary injunction only to accomplish the purpose for which it is granted, viz. the securing of the rights it has shown on this motion. Should the contrary appear hereafter, it will work such a change in the equities between the parties that the court will experience no difficulty in reconsidering this decision.